

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
MARIO ORTIZ VINALES,

        Plaintiff,

   -against-                            COMPLAINT

THE CITY OF NEW YORK, MADELINE         PLAINTIFF DEMANDS
MELENDEZ, and JOHN and JANE DOES 1-14,   A TRIAL BY JURY

        Defendants.
----------------------------------------X

       Plaintiff, Mario Ortiz Vinales, by his attorneys, Reibman & Weiner, as and for his Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

       1.    At all times hereinafter mentioned, plaintiff Mario Ortiz Vinales was an adult male resident of Bronx County, within the State of New York.

       2.    At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

       3.    At all relevant times hereinafter mentioned, defendant Madeline Melendez (Tax 904555) was an adult female employed by the City of New York as a member of the NYPD assigned to the Narcotics Bureau Manhattan North. Melendez is sued herein in her official and individual capacities.

       4.    At all relevant times hereinafter mentioned, defendants John and Jane

Does 1-14, were individuals employed by the City of New York as members of the NYPD whose identities are unknown. The Doe defendants are sued herein in their official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Southern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

7. That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

8. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

9. That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

## RELEVANT FACTS

10. On August 18, 2011, at about 8:50 a.m., plaintiff was lawfully present inside an apartment at 635 W 141st Street, in the County and State of New York.

11. At this time, the Melendez and Doe defendants arrived in several NYPD vehicles, entered the premises with guns drawn, ordered the plaintiff to get on the floor, and, even though plaintiff promptly complied, began kicking, shoving, and hitting him.

12. Defendant Melendez and at least some of the Doe Defendants are narcotics officers assigned to Narcotics Bureau Manhattan North.

13. The defendants were not invited into the premises nor was their entry consented to by the plaintiff, or any other individual authorized to so consent.

14. There were no exigent circumstances present that would permit defendants to enter the premises absent a warrant or invitation.

15. The defendants did not display a warrant to justify their entry into the premises and refused to produce one after the plaintiff asked.

16. If indeed a warrant had issued, it could only have been procured on false or otherwise misleading information as none of the residents of the apartment had engaged in any conduct that would have constituted probable cause for the issuance of a warrant to enter or search the premises.

17. Plaintiff was not engaged in any unlawful or suspicious activity, and informed defendants that he was present at the residence as a guest of family members who were the tenants in the apartment.

18. Although there was no legal basis to seize the plaintiff, defendants placed the plaintiff in handcuffs, hit him, and searched him. The search yielded no evidence of guns, drugs, or contraband.

19. Plaintiff was not engaged in any unlawful or suspicious activity, and complied with defendants' requests.

20. Although there was no legal basis to enter the premises, detain, or seize

the plaintiff, defendants continued to search the premises, even after the search of plaintiff yielded no evidence of guns, drugs, or contraband.

21. Defendants removed money and jewelry belonging to defendant from the premises, and did not return the items.

22. The search of the premises yielded no evidence of criminal activity on the part of plaintiff.

23. Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants formally arrested plaintiff.

24. The decision to arrest plaintiff was objectively unreasonable under the circumstances.

25. Plaintiff was then transferred to a local area precinct where he was held for a number of hours before he was transferred to New York County Central Booking ("NYCCB") where he was held for several more hours.

26. Approximately forty-eight hours after his arrest, plaintiff was arraigned on a criminal complaint and charged with multiple drug offenses pursuant to false information and allegations supplied by defendant Melendez, and sworn to by her in the criminal complaint.

27. The criminal complaint on which plaintiff was arraigned included false statements of fact made by defendant Melendez including, but not limited to, allegations that "[t]he defendant[s] knowingly and unlawfully possessed a substance containing a narcotic drug and said preparations, compounds, mixtures and substances are of an aggregate weight

of one-half ounce or more; the defendant[s] knowingly and unlawfully possessed a narcotic drug with intent to sell it." These allegations contained in the complaint were false and defendant Melendez knew them to be false when she made them.

28. The factual allegations made by defendant Melendez against plaintiff were materially false and deliberately made to justify the illegal arrest and assault by defendants against plaintiff.

29. As a result of the false information provided by defendant Melendez, plaintiff was prosecuted pursuant under Docket Number 2011NY061327.

30. After his arraignment, plaintiff was then held in custody for several more days by the New York City Department of Corrections ("DOC") before he was released and required to return to court at a later date.

31. During the time he was in defendants' custody, plaintiff was strip searched multiple times.

32. On October 20, 2011, the criminal charges were dismissed and the prosecution terminated in plaintiff's favor.

33. The factual allegations sworn to by defendants against plaintiff were materially false and deliberately made to justify the illegal entry into the premises, arrest, and incarceration of the plaintiff.

34. It was objectively unreasonable for the defendants to arrest plaintiff, as there was no evidence that he had engaged in any unlawful conduct.

35. At no time did there exist sufficient cause to seize or arrest plaintiff,

nor could the defendants have reasonably believed that such cause existed.

36. At no time did there exist any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

37. At no time did any of the individual defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff.

38. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

39. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

40. Plaintiff repeats the allegations contained in paragraphs "1" through "39" above as though stated fully herein.

41. At no time did defendants have any legal basis for arresting or imprisoning plaintiff, commencing criminal process, prosecuting, or using physical force against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

42. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, maliciously caused plaintiff to be prosecuted, denied plaintiff a fair trial, and did so without a reasonable basis to believe such cause existed.

43. Defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

44. By so doing, the individual defendants, individually and collectively, subjected plaintiff to unlawful searches of person and property, false arrest and imprisonment, malicious prosecution, and denial of both due process and a fair trial, and thereby violated plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

45. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

46. Plaintiff repeats the allegations contained in paragraphs "1" through "45" above as though stated fully herein.

47. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the

NYPD.

48. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

49. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

50. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies,

usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

51.    The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

    a.    Using excessive force on individuals, including but not limited to those who have already been handcuffed;

    b.    Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    c.    Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

    d.    Retaliating against officers who report police misconduct; and

    e.    Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

52.    The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

    a.    *Thompson v. City of New York*, 10-CV-3603 (ARR) (SMG) (E.D.N.Y.);

    b.    *Lotorto v. City of New York*, 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

    c.    *Zabala v. City of New York*, 37711/2010 (Sup. Ct., Kings Co.);

    d.    *Ashe v. City of New York*, 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

    e.    *Long v. City of New York*, 09-CV-9216 (AKH) (S.D.N.Y.);

    f.    *Moise v. City of New York*, 09-CV-9855 (DC) (JLC) (S.D.N.Y.);

    g.    *Taylor-Mickens v. City of New York*, 09-CV-7923 (RWS)

       (SD.N.Y.);

h. *Carmody* v. *City of New York*, 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

i. *McMillan* v. *City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j. *Avent* v. *City of New York*, 04-CV-2451 (CBA) (CLP) (E.D.N.Y.);

k. *Smith* v. *City of New York*, 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

l. *Powers* v. *City of New York*, 04-CV-2246 (NGG) (E.D.N.Y.);

m. *Dotson* v. *City of New York*, 03-CV-2136 (RMB) (S.D.N.Y.);

n. *Nonnemann* v. *City of New York*, 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

o. *Richardson* v. *City of New York*, 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

p. *Barry* v. *New York City Police Department*, 01-CV-10627 (CBM) (S.D.N.Y.);

q. *Walton* v. *Safir*, 99-CV-4430 (AKH) (S.D.N.Y.);

r. *White-Ruiz* v. *The City of New York*, 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

s. *Ariza* v. *City of New York*, 93-CV-5287 (CPS) (E.D.N.Y.).

53. In an Order dated November 25, 2009, in *Colon v. City of New York*, 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration --

through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

54.     Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

55.     It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

56.     By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

### THIRD CAUSE OF ACTION

57.     Plaintiff repeats the allegations contained in paragraphs "1" through "56" above as though stated fully herein.

58.     The defendants' actions in this matter were carried out in accordance with an existing plan or policy created or otherwise condoned by the municipal defendant designed to increase the number of arrests made without regard to probable cause.

59.     More precisely, under this policy or plan, officers within the Narcotics

Bureau, including the individual defendants, would secure warrants to search social clubs, apartments, and other locations, and, if any contraband was found, routinely arrest all persons found therein, regardless of whether there was any factual basis for the charges. The arresting officer(s) would then make false statements of fact as to seeing narcotics in plain view or otherwise in the possession of each of the persons arrested.

60. The purpose of this policy or plan was to generate large numbers of arrests to help the NYPD create a false impression of positive activity by their officers.

61. In addition, members of the Narcotics Bureau are evaluated, at least in part, on the basis of their "activity" which is measured by the number of arrests made, search warrants secured, and other, similar criteria. Thus, members of the Narcotics Bureau routinely make arrests and engage in other police activity without sufficient legal cause in order to raise their levels of "activity" and improve the perception of their job performance.

62. The policy or plan was kept in effect from, at least, 2006 through, at least, the date of plaintiff's arrest, despite the municipal defendant's knowledge that the individuals arrested were not being charged or that there was insufficient evidence to justify the arrests or that the arresting officers were seeking to bolster the arrests with false allegations, and that the prosecuting offices often had found insufficient cause to justify the imposition of charges or continued prosecution if charges were filed.

63. In October 2011, following a bench trial in New York State Supreme Court, Kings County, under indictment number 06314-2008, former NYPD narcotics officer Jason Arbeeny was convicted of planting drugs on two individuals and falsifying arrest

reports. Before issuing a verdict of guilty, the trial judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

64. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

65. Defendant City of New York created, approved or condoned the practice and policy, as carried out by the Narcotics Bureau, of making wholesale arrests without probable cause in order to create false or misleading arrest numbers.

66. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## FOURTH CAUSE OF ACTION

67. Plaintiff repeats the allegations contained in paragraphs "1" through "66" above as though stated fully herein.

68. Plaintiff was subjected to false arrest, false imprisonment, malicious prosecution, and excessive force by the defendants.

69. At no time did defendants have any legal basis for arresting or

imprisoning plaintiff, commencing criminal process, or using physical force against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

70. The defendants are therefore liable under New York law to plaintiff for false arrest, false imprisonment, malicious prosecution, and excessive force.

71. By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i. on the causes of action one through four, actual and punitive damages in an amount to be determined at trial;

ii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iii. such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
June 25, 2012

By: _____
Jessica Massimi (JM-2920)
Reibman & Weiner
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
718-522-1743